UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FELIPE AVILA-SEPULVEDA        ]
    Petitioner,            ]
                              ]
v.                            ]     No. 3:04-1022
                              ]     Judge Campbell
UNITED STATES OF AMERICA      ]
    Respondent.            ]

M E M O R A N D U M

The petitioner is an inmate at the Federal Correctional Institution in Beaumont, Texas. Proceeding *pro se*, he brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

On August 20, 2003, the petitioner pled guilty to an illegal re-entry by a previously deported aggravated felon.[1] United States v. Avila-Sepulveda, Criminal Action No. 3:03-00085 (M.D. Tenn.); Docket Entry No. 13. For this crime, he received a sentence of forty six (46) months in prison, to be followed by two years of supervised release. Id, at Docket Entry No. 21. The petitioner did not pursue a direct appeal of the conviction.

On November 15, 2004, the petitioner filed the instant § 2255 motion (Docket Entry No. 1) attacking the conviction. In the motion, the petitioner alleges that he was denied his Sixth Amendment right to the effective assistance of counsel. More specifically, he complains that

---

[1] The guilty plea was given without the benefit of a plea agreement with the government.

1

counsel failed to "seek a downward departure under U.S.S.G. § 5G1.3, or asks [*sic*] that the Court impose its sentence in accordance with Title 18 U.S.C. § 3553 and § 3584(b)." In addition, the petitioner claims that counsel was ineffective for failing to argue that his federal sentence should have been run concurrently with a state sentence that had not yet been imposed.[2]

The Court conducted a preliminary review of the motion and found that it was not facially frivolous. Accordingly, by an order entered December 1, 2004 (Docket Entry No. 2), the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court are petitioner's § 2255 motion, the government's Response (Docket Entry No. 17) and petitioner's Traverse and Objections to the Response (Docket Entry No. 28). Having carefully considered these pleadings and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Therefore, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of showing *both* that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the alleged deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a defendant who has pled guilty, the

---

[2] The petitioner was represented by Caryll S. Alpert, an Assistant Federal Public Defender for the Middle District of Tennessee.

element of prejudice requires the petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). When considering an ineffective assistance claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

When taken together, petitioner's claims assert in essence that counsel was ineffective for not trying to obtain a lesser sentence for him. But the petitioner pled guilty without a plea agreement in place. Having pled guilty, petitioner's ineffective assistance claims can only succeed if he is able to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial. Hill, supra. Nowhere in his § 2255 motion or Traverse and Objections to the Response does the petitioner allege, much less prove, a reasonable probability that he would have insisted on going to trial if counsel did not argue for a downward departure or concurrent sentencing. Therefore, the petitioner is unable to prove that he was prejudiced by counsel's alleged errors. When there has been no showing of prejudice made, the Court need not address the question of counsel's competency. Mallett, supra at 334 F.3d 497.

In any event, counsel was not deficient for failing to argue for concurrent sentencing because a federal district court does not have the authority to impose a federal sentence to run concurrently with a state sentence that has not yet been imposed. United States v. Means, 1997 WL 584259 (6th Cir. 1997); United States v. Abro, 1997 WL 345736 (6th Cir. 1997); *see also* United States v. Quintero, 157 F.3d 1038, 1039-41 (6th Cir. 1998)(a district court has no

3

authority to order a federal term of imprisonment to be served consecutively with a subsequently imposed state term of imprisonment).

Having carefully considered the § 2255 motion, the government's Response and the petitioner's Traverse and Objections to the Response, the Court finds that the petitioner has failed to state a claim upon which relief can be granted. The petitioner's § 2255 motion, therefore, will be denied and this action shall be dismissed.

An appropriate order will be entered.

Todd Campbell
Chief District Judge